RHODE ISLAND HOSPITAL TRUST COMPANY, *Trustee vs.* PROPRIETORS OF SWAN POINT CEMETERY *et al.*

JUNE 28, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

80

BAKER, J. In accordance with the permission heretofore granted by this court to the respondent, The Proprietors of Swan Point Cemetery, a corporation, the instant cause was reargued before this court as to one point only. *Rhode Island Hospital Trust Co., Tr.* v. *The Proprietors of Swan Point Cemetery,* 62 R. I. 141, 3A. (2d) 660 (R. I.)

That point relates to the question of whether or not section 1 of said respondent's charter, granted by the general assembly in 1858, so amplifies or otherwise bears upon the powers granted said corporation under the second part of the first paragraph of section 6 of its charter, that it would become necessary for us to modify or change the findings we made in the original opinion in this cause relating to the scope of said respondent's corporate powers to receive and hold funds in trust in perpetuity. *Rhode Island Hospital Trust Co., Tr.* v. *The Proprietors of Swan Point Cemetery,* 62 R. I. 83, 3A (2d) 236. We there held, in substance, that the pertinent provisions of section 6 of said charter did not empower said respondent corporation to receive and hold in perpetual trust the fund provided for by the second clause of the will, then being construed, for the purpose of using the income from said fund in the manner designated by the testator.

Section 6 is set out in the original opinion and need not now be repeated; but section 1, which was not briefed or argued to us when the cause first came before this court, reads as follows, after setting out the names of certain incorporators: " . . . are hereby created a corporation for the purpose of maintaining, improving and *embellishing* the said cemetery grounds and the appurtenances thereof . . . ." (italics ours)

It is first contended by said respondent that the powers granted it under section 6 are so amplified and enlarged by

the powers granted under section 1, particularly by reason of the use of the term "embellishing" therein, that it is entitled to receive and hold the money referred to in the second clause of the will in question for the purposes therein stated. Upon reflection, we are of the opinion that said contention cannot be supported.

While undoubtedly all sections of said respondent's charter must be given consideration in order to properly determine the scope and extent of said respondent's powers, it is, nevertheless, clear to us that section 1 and the second part of the first paragraph of section 6, which is the part involved in the decision of the issue before us, deal with entirely different matters. In section 1 the general purposes of the corporation are set out. For carrying out these purposes it unquestionably may apply, as it sees fit, such of its *own* funds as it holds free and clear of any trust. In the second part of the first paragraph of section 6, however, the general assembly has provided that any person may convey, devise, or bequeath to said respondent real or personal estate in perpetual trust, and then has set out the specific purposes for which the proceeds or income from such property may be used.

In such a legislative grant said purposes are plainly limited to those so clearly and specifically set out. We fail to see how such purposes, relating to property held in trust by the corporation, can be enlarged or amplified by a reference to another section of said respondent's charter, which section deals only with general powers and purposes, and includes no reference to the authority of the corporation to hold property in perpetual trust. As to the use of the income from such last-named property said respondent clearly is bound by the terms of section 6. In the instant cause the fund provided for by the second clause of the will under consideration was left to said respondent in perpetual trust; and the only authority said respondent had to so receive and hold such fund was by virtue of the legislative permis-

sion granted it by the pertinent part of section 6 of its charter, which part limited the purposes for which property could be so held.

In connection with the two sections of the said charter under consideration, certain other respondents herein point out that the first part of the first paragraph of section 6 permits the owner of any lot in said cemetery to convey or devise the said lot to said cemetery corporation to be held by it "in perpetual trust for such uses and purposes consistent with the objects of the corporation as may be in such trust deed or devise declared . . . ." In this authority to hold in perpetual trust the cemetery lots there is a specific reference to the general objects of said respondent corporation. However, immediately following the above provision is the one involved in the present cause dealing with the conveyance or devise of any estate real or personal to said respondent to be held by it in perpetual trust.

It is noticeable that in this latter instance the purposes for which such property can be so held are specifically designated, and among them is no reference to the general objects of said respondent corporation. There seems to us to be much force in the contention of said other respondents that the above clearly-marked distinction indicates a plain legislative intent that, in granting said respondent power to hold property in perpetual trust, the different kinds of property referred to in said section 6 could be so held only for the purposes respectively designated. By the terms of the second clause of the will involved in the present cause the property attempted to be left to the respondent cemetery in perpetual trust for certain purposes was a sum of money, and not the testator's lot in said cemetery.

The said respondent also contends that the well-recognized general rule that a corporation has implied power to do acts necessary to enable it to exercise the powers expressly conferred upon it applies in the instant cause; and that by

virtue of such rule said respondent has authority to receive and hold the fund in dispute for the purposes set out by the testator in the second clause of his will. Without questioning the rule above referred to, we are of the opinion that it has no application in the present cause. In the pertinent part of section 6 of said respondent's charter there is no express power conferred upon said respondent which authorizes it to hold property in perpetual trust for the purposes designated by this testator. Such power must first be expressly conferred before the power to exercise it will be implied. In this cause, as we have already pointed out, we are concerned with the authority given to said respondent by the general assembly under the pertinent part of section 6 of its charter, and not under section 1 thereof.

It is further urged by said respondent that G. L. 1923, chap. 248, secs. 71, 72 and 75 establish authority in said respondent to receive, hold and administer the fund in question for the purpose expressed by the testator. The above sections are part of art. III of said chapter, which article relates to literary, scientific and miscellaneous corporations. The portion of sec. 75 to which said respondent refers is as follows: "Every corporation to which this article applies shall have power and authority to do any lawful act which is necessary or proper to accomplish the purposes of its incorporation."

In our opinion the above-quoted provision is of no assistance to said respondent in the present cause. The provision constitutes a statutory statement of general corporate powers. Said sec. 75 bears no relation to nor does it enlarge the specific powers granted said respondent under the pertinent part of section 6 of its charter, which part of said section, in our judgment, as we have already indicated, is determinative of the question now before us.

Finally, we may observe that, in the instant cause, on the issue now before us, we are concerned only with the question

of the validity of the fund created by the second clause of the particular will involved herein, as such question is affected by the pertinent provisions of said respondent's charter authorizing it to hold property in perpetual trust.

Upon consideration, we are of the opinion that said respondent has not brought to our attention any reason which causes us to modify or alter the findings and conclusions reached and set out by us in our original opinion in this cause, which opinion is hereby confirmed.

On July 3, 1939, the parties may present to this court for approval a form of decree in accordance with said original opinion, to be entered in the superior court.

*Tillinghast, Collins & Tanner,* for complainant.

*Richard E. Lyman,* for Swan Point Cemetery.

*George Ajootian,* for Alice McKenzie.

*Henry R. Di Mascolo,* for Charles A. Barth.